UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :
                                :        **INFORMATION**
        - v -                   :
                                :        22 Cr. 423
JESUS MESA,                     :
                                :
            Defendant.          :
                                :
- - - - - - - - - - - - - - - - X

## COUNT ONE

### (Interstate Transportation of Stolen Property)

The United States Attorney charges:

#### BACKGROUND

1. Unless specified otherwise, at all times relevant to this Information:

    a. JESUS MESA, the defendant, was a financial advisor.

    b. Victim 1 was a professional minor league baseball player. Victim 1 retained MESA as his financial advisor. Victim 1 also entered into an agreement with a third party in which he received $250,000 in exchange for a portion of the anticipated future payments from his baseball contract. The $250,000 was income subject to federal taxation.

#### THE SCHEME TO EMBEZZLE FUNDS

2. JESUS MESA, the defendant, offered to make the estimated tax payment for the $250,000 in income on Victim 1's

behalf if Victim 1 provided him with sufficient funds to do so. Thereafter, Victim 1 caused three international wire transfers in a total amount of $77,000 to be made to a bank account in New York controlled by MESA.

3. JESUS MESA, the defendant, did not make the tax payment on Victim 1's behalf. Instead, MESA spent the money he received from Victim 1 on travel, restaurants, cash withdrawals, furniture and other items. MESA also sent some of Victim 1's money to other clients.

**STATUTORY ALLEGATIONS**

4. On or about June 20, 2017, JESUS MESA, the defendant, did transport, transmit and transfer in interstate and foreign commerce money, the value of which was $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, to wit, MESA wired $10,000 of the funds he had received from Victim 1 from New York to another client in Georgia.

(Title 18, United States Code, Section 2314.)

**FORFEITURE ALLEGATION**

5. As the result of committing the offense alleged in Count One of this Information, JESUS MESA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the

commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

>(Title 18, United States Code, Sections 981;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

*[signature: Damian Williams]*
DAMIAN WILLIAMS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JESUS MESA,

Defendant.

**INFORMATION**

22 Cr.

(18 U.S.C. § 2314)

DAMIAN WILLIAMS
United States Attorney